UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PROCTOR GRAY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:18-CV-40 JD |
| vs. | ) |
| | ) |
| MS. BEVERLY ABNEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Proctor Gray, III, a *pro se* prisoner, filed a complaint alleging that his prescribed medical devices were confiscated when he arrived at the Miami Correctional Facility (Miami). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Gray was transferred from the Indiana State Prison (ISP) to Miami, where he is still currently housed. The next day he informed Lt. Stanley Green and other Miami

employees that he was in need of his prescribed medical devices that he brought with him from ISP, which consisted of his knee brace, ankle brace and hearing aid. On August 30, 2017, Sgt. Beverly Abney inventoried Gray's personal property and confiscated both braces and Gray's hearing aid. Gray then informed Sgt. Abney that he was in need of those medical devices and showed Sgt. Abney medical documents authorizing him to have them. Nevertheless, Sgt. Abney said that she was not going to return those devices to him. Two days later, Gray sent a request slip to the Health Care Administrator, Lyn Frye, asking for the return of his medical devices. She informed him that those devices were not in medical's possession; that he would have to talk to someone in custody. On September 21, 2017, Gray received his ankle brace. On October 17, 2017, he received his knee brace and hearing aid. Gray sues Sgt. Abney, Lt. Green and Lyn Frye for money damages and injunctive relief. However, because Gray has admittedly received all of his previously confiscated medical devices, the court will limit its review to his money damage claims.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, though Gray does not detail any of his medical conditions, it is plausible that his need for the knee brace, ankle brace and hearing aid could constitute a serious medical need. *Franklin v. McCaughtry*, 110 Fed. Appx. 715 (7th Cir. 2004). Indeed, Gray alleges that each of these medical devices have been prescribed to him and are medically necessary. *See e.g., Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006) (recognizing that a serious medical need is one that doctor has recognized as needing treatment). Moreover, it is plausible that Sgt. Abney was deliberately indifferent to Gray's serious medical needs. Sgt. Abney confiscated his medical devices and refused to given them back, despite being shown the medical documents establishing that they were medically necessary. Though further fact-finding may reveal that Sgt. Abney had a valid reason for her actions, based on these allegations, Gray has stated an Eighth Amendment claim against Sgt. Abney.

However, Gray's allegations with respect to Lt. Green and Lyn Frye are another matter. Gray complains that Green and Frye did not stop Sgt. Abney from confiscating his medical devices. Gray does not allege, nor is it reasonable to infer, that either of

these officials played a direct role in confiscating his medical devices. Nevertheless, Gray believes that they had personal involvement sufficient to trigger liability under Section 1983 because he told them of his need for the devices, and Sgt. Abney's confsication of them, but they refused to help him get those devices back. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Id.* at 595.

Nothing in the complaint indicates that Green or Frye did anything to cause the confiscation of Gray's medical devices; this was done solely by Sgt. Abney. At most, Gray alleges that these two defendants knew about his complaints and failed to assist him, which is insufficient to trigger constitutional liability. Thus, Gray fails to state a claim against these defendants.

For these reasons, the court:

(1) **GRANTS** Proctor Gray, III, leave to proceed on his Eighth Amendment claim against Sgt. Beverly Abney for compensatory and punitive damages in connection with depriving him of his medically necessary devices from August 30, 2017 through October 17, 2017;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Lt. Stanley Green and Lyn Frye as defendants;

(4) **DIRECTS** the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process on Sgt. Beverly Abney at the Indiana Department of Correction; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Beverly Abney respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 23, 2018.

/s/JON E. DEGUILIO
Judge
United States District Court